U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

FEB 1 1 2015

CLERK, U.S. DISTRICT COURT
By _____
          Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA    §
                           §
VS.                             §   NO. 4:14-CV-767-A
                           §   (NO. 4:12-CR-077-A)
                           §
WENDI SHANTA HAYWARD      §

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Wendi Shanta Hayward, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The government filed a response, and movant filed a reply. Having now considered all of the parties' filings, the entire record of this case, including the record in movant's criminal case, and the applicable legal authorities, the court concludes that the motion should be denied.

I.

Pertinent Background Information

From approximately October 2010 through April of 2011, movant participated in a scheme whereby one of her codefendants stole mail from United States Postal Service collection boxes, then sold envelopes containing checks to movant. Movant and another codefendant used information from the stolen checks to manufacture their own counterfeit checks. Movant and her

codefendant then cashed some of the checks, and used others to purchase merchandise they later returned for cash.  One of movant's codefendants was caught on camera stealing mail from a collection box.  Investigators executed a search warrant at movant's apartment on April 21, 2011.  Movant and one of her codefendants were present during the search, where investigators seized 320 counterfeit checks with a combined face value of over $141,000, and at least 650 counterfeit checks with a blank amount payable.  Movant admitted that she cashed at least nine of the counterfeit checks totaling $300 to $400 per check.

On June 8, 2012, movant pleaded guilty without a plea agreement to one count of conspiracy to possess stolen mail in violation of 18 U.S.C. § 371, and one count of possession of stolen mail in violation of 18 U.S.C. § 1708.  On September 21, 2012, the court sentenced movant to a term of imprisonment of sixty months as to count 1, and sixty months as to count 2, to be served consecutively to each other for an aggregate term of imprisonment of 120 months.  Movant's attorney, Catherine Dunnavant ("Dunnavant"), filed an appeal, and movant filed a <u>pro se</u> reply brief.  After considering Dunnavant's principal brief and movant's reply brief, the Fifth Circuit affirmed.  <u>United States v. Hayward</u>, 540 F. App'x 379 (5th Cir. 2013).

2

## II.

## Grounds of the Motion

Movant raised the following twelve grounds for relief, the factual bases of which are described in her memorandum of law and argument in support of her motion ("Memorandum"). First, movant alleged Dunnavant failed to perfect movant's appeal in response to the Supreme Court's decision in Alleyne v. United States, ____ U.S. ____, 133 S. Ct. 2151 (2013). Each statute under which movant was convicted carries a five-year maximum sentence. Thus, movant believed by pleading guilty her maximum sentence exposure was five years, with the sentences running concurrently pursuant to chapter 5, note 3, of the Sentencing Guidelines. An additional twenty-six-level enhancement was applied to movant's criminal history, thus depriving her of her constitutional right to due process by increasing the sentence with facts found by the judge, rather than a jury. Dunnavant failed to raise this issue on appeal.

Second, Dunnavant's conduct during sentencing tainted movant's testimony and prejudiced the outcome. During the government's cross-examination of movant at her sentencing hearing, Dunnavant engaged in conduct that the court interpreted as counsel attempting to coach movant to change her answer, and

3

admonished Dunnavant that her conduct bordered on contempt.

Movant contends this conduct prejudiced her in the court's eyes.

Third, Dunnavant failed to research applicable authorities governing the offense and failed to object to the scope of relevant conduct. Counsel did not adequately research economic crimes covered by section 2B1.1 of the Sentencing Guidelines. The presentence report calculated loss amounts based on evidence that predated the conspiracy dates of October 2010 through April 2011, and counsel failed to object. Counsel did not object that the loss calculation included blank counterfeit checks and authentic checks, including some from family members, and she did not object to the government's revised calculation of the number of checks and intended loss.

As part of this claim, movant provided legal information and case law to Dunnavant on application of the Sentencing Guidelines regarding downward departures. However, Dunnavant told movant that § 2F1.1 of the Sentencing Guidelines had been deleted, when in fact it had been combined with § 2B1.1. Counsel also failed to argue that movant did not intend to use all of the blank checks found in her home. Rather, some of the checks were found in various locations in movant's home, and movant did not intend to use these but planned to dispose of them. Many of these

4

checks were defective and unusable by movant, but counsel failed
to argue that these checks should not have been included in the
loss calculation.

Fourth, Dunnavant failed to offer the following evidence
that would have provided a clearer picture of the loss amount
intended by movant:  affidavits supporting movant's claim that
non-victims were included in the loss calculation; the inventory
receipt given to movant by the federal authorities who searched
her home; and, a black photo album used by movant to conceal the
actual counterfeit checks she intended to use.  Although counsel
submitted the photo album into evidence, she removed the
contents, thus failing to show the manner in which movant used
the album to conceal counterfeit checks.

Fifth, Dunnavant failed to call expert witnesses to evaluate
movant's mental and emotional health.  Dunnavant failed to
present evidence of movant's post-traumatic stress disorder,
bipolar disorder, Attention Deficit Hyperactivity Disorder
("ADHD"), or obsessive-compulsive disorder, or the ways these
mental illnesses may have affected movant and caused her to
engage in the behaviors leading to her conviction.  In
particular, movant contends that evidence of her mental illnesses
would have explained the hoarding behavior that caused her to

maintain possession of the blank checks that she did not intend to use but that were counted against her for calculating loss.

Sixth, Dunnavant failed to argue that the court violated United States v. Booker, 543 U.S. 220 (2005), and Apprendi v. New Jersey, 530 U.S. 466 (2000), by adding enhancements to her sentence based on facts not found by a jury. Counsel's interpretation of section 2B1.1(b)(2)(c) of the Sentencing Guidelines for victims of stolen mail wrongfully caused movant to have a six-level enhancement for more than 250 victims.

Seventh, Dunnavant failed to raise the issue of sentencing disparity between movant and other similarly situated defendants. Dunnavant never raised the issue of avoiding unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, nor did she raise the issue of the severity of the sentence. Counsel should have argued that movant's sentence was unfair compared to those in the case of United States v. Brown, 388 F. App'x 455 (5th Cir. 2010) (per curiam).[1]

Eighth, Dunnavant failed to advise the court of reasons movant was entitled to a downward departure, and failed to inform

---

[1] In her Memorandum movant cites this case as United States v. Ramirez, 388 F. App'x 456.

6

the court of its authority to downward depart from the Sentencing Guidelines.

Ninth, Dunnavant did not present important mitigating factors showing that movant's criminal case involved unusual circumstances and how 18 U.S.C. § 3553(A)(2) and 18 U.S.C. § 3661 would shape the outcome. Counsel failed to inform the court of certain factors that the court could have used to give movant a lower sentence, such as her diagnoses of bipolar disorder and ADHD, movant's voluntary participation in rehabilitation prior to being charged, and issues pertaining to movant's family.

Tenth, Dunnavant misinterpreted the United States Sentencing Guidelines's application note for the number of victims and wrongly advised movant that objecting would be frivolous. Counsel failed to challenge the misapplication of Section 2B1.1 Cmt. App. Note 4(C)(ii)(I) of the Sentencing Guidelines, giving movant a six-level increase for number of victims. Here, Dunnavant failed to research the proper statutes and rules for victims involving possession of stolen mail, causing prejudice to movant, contrary to United States v. Moore, 733 F.3d 161 (5th Cir. 2013).

Eleventh, Dunnavant failed to object to the evidence used to calculate the loss attributed to movant. Counsel's argument

7

concerning the intended loss calculation was ineffective.

Counsel should have moved to suppress or remove additional checks

that were incomplete or outside the conspiracy.

Twelfth, Dunnavant denied movant the opportunity to

participate in determining the issues for appeal.  Counsel

wrongly argued the denial of acceptance of responsibility, gave

inconsistent legal advice, and failed to provide to the court a

photograph of a non-operational handgun used by movant in a work

of art.

III.

Treatment of § 2255

After conviction and exhaustion of any right to appeal,

courts are entitled to presume that a defendant stands fairly and

finally convicted.  United States v. Frady, 456 U.S. 152, 164

(1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir.

1991) (en banc).  A defendant can challenge his conviction or

sentence after it is presumed final only on issues of

constitutional or jurisdictional magnitude and may not raise an

issue for the first time on collateral review without showing

both "cause" for his procedural default and "actual prejudice"

resulting from the errors.  Shaid, 937 F.2d at 232.  Section 2255

does not offer recourse to all who suffer trial errors, but is

reserved for transgressions of constitutional rights and other

narrow injuries that could not have been raised on direct appeal

but, if condoned, would result in a complete miscarriage of

justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir.

Unit A Sept. 21, 1981).

IV.

None of the Grounds Has Merit

A.   Legal Standards Applicable to Claims of Ineffective
     Assistance of Counsel

To prevail on an ineffective assistance of counsel claim,

movant must show that (1) counsel's performance fell below an

objective standard of reasonableness and (2) there is a

reasonable probability that, but for counsel's unprofessional

errors, the result of the proceedings would have been different.

Strickland v. Washington, 466 U.S. 668, 687 (1984); See also

Missouri v. Frye, 566 U.S. ___, 132 S. Ct. 1399, 1409-11 (2012).

"[A] court need not determine whether counsel's performance was

deficient before examining the prejudice suffered by the

defendant as a result of the alleged deficiencies." Strickland,

466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750,

751 (5th Cir. 2000). "The likelihood of a different result must

be substantial, not just conceivable," Harrington v. Richter, 562

9

U.S. 86, 131 S. Ct. 770, 792 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. ___, 131 S. Ct. 1388, 1403 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.

Here, movant is entitled to no relief based on the alleged ineffective assistance of counsel because she has failed to meet the standard set forth by Strickland.[2]

B.   Ground Two[3]

Despite movant's arguments to the contrary, nothing in the record supports her contention that Dunnavant's conduct during movant's cross-examination by the government prejudiced the outcome of the case.   The court strongly disapproved of Dunnavant's conduct as an attempt to have movant change her answer to the government's question, and cautioned that such

---

[2]The government in its response has grouped certain grounds of the motion that pertain to similar subject matter.  For efficiency and to avoid redundancy, the court also grouped a number of the grounds together, although the court's groupings differ slightly from the government's.

[3]Grounds one and twelve both allege ineffective assistance of counsel on appeal.  The court will consider those grounds together last, and will begin its analysis of movant's motion with ground two.

conduct bordered on contempt.  Sentencing Tr. at 41.  The court

also dismissed Dunnavant's attempted explanation of her conduct

as her attempt to inform movant how she should answer the

question.  Id. at 42.  However, nothing in the record indicates

that the court considered Dunnavant's conduct in imposing the

sentence on movant.  Instead, the court focused on movant's

substantial criminal history.  Movant has failed to show that

without the single instance of misconduct by Dunnavant, there was

a "substantial, not just conceivable, likelihood of a different

result."  Richter, 562 U.S. at ____, 131 S. Ct. at 791 (quotation

marks and citation omitted).

C.    Grounds Three, Eight, and Eleven

These three grounds for relief include allegations that

Dunnavant misunderstood the Sentencing Guidelines and failed

effectively to challenge the loss calculation or urge a downward

departure.  To the extent these grounds complain that Dunnavant

failed to object to the loss amount, such a claim is contradicted

by the record.  The transcript of movant's sentencing hearing

shows that the issue of which checks should be included in, or

excluded from, the loss amount was heavily litigated.  At

movant's sentencing hearing, Dunnavant persisted in her

objections concerning relevant conduct and loss amount,

questioned movant at length during the hearing regarding the
numerous checks found in movant's home following execution of the
search warrant, and redirected movant's testimony following
cross-examination by the government.  Dunnavant then also reurged
the objection in her argument to the court.  Movant has
identified nothing further that Dunnavant could have done to
object to the loss amount.  That Dunnavant was unsuccessful in
urging the objection does not constitute ineffective assistance.
See Youngblood v. Maggio, 696 F.2d 407, 410 (5th Cir. 1983) (per
curiam).

As to movant's claim that Dunnavant failed to object to the
loss calculation to the extent it included conduct that predated
the conspiracy period, the court informed movant at her
rearraignment that it was not bound by factual stipulations
between the defendant and the government, but that in imposing a
sentence the court could "disregard stipulated facts or take into
account facts not mentioned in the stipulated facts."
Rearraignment Tr. at 12-13.  The court also advised movant that
it "rel[ied] very heavily" on the presentence report in
determining the sentence to impose.  Id. at 14.  Movant testified
that she understood the court's admonitions.  The presentence
report expanded the applicable dates of the conspiracy to 2006,

12

and the court expressly indicated at sentencing that it adopted the findings of the presentence report in considering movant's sentence.   Not only does movant fail to indicate what objection she contends Dunnavant should have made, any objection would have been futile.   Counsel is not ineffective for failing to raise a meritless objection.   <u>United States v. Kimler</u>, 167 F.3d 889, 893 (5th Cir. 1999).

Movant's contentions that Dunnavant failed to adequately research applicable law are nothing more than conclusory assertions.   Much of this portion of the motion appears focused on movant's claim that Dunnavant should have moved for a downward departure.   Dunnavant in fact filed a motion for a downward variance and a corresponding sentencing memorandum, urging the court to impose a sentence significantly below the guideline range.   However, because of movant's "almost unbelievable criminal histor[y]," Sentencing Tr. at 58, the court declined to impose a sentence below the guideline range.   Movant does not in her motion explain what Dunnavant should have done differently, or what she should have argued in a motion for downward departure that was not raised in the motion for downward variance and sentencing memorandum, or what otherwise could have been done by Dunnavant, that would have changed the outcome of the proceeding,

13

an issue which movant bears the burden to establish.  United States v. Holmes, 406 F.3d 337, 361 (5th Cir. 2005).  Movant cannot establish ineffective assistance of counsel "merely by stating [her] conclusion."  Id.

Movant's contention concerning §2F1.1 of the Sentencing Guidelines is similarly deficient.  The 2011 Sentencing Guidelines used in movant's criminal case indicate that § 2F1.1 was "deleted by consolidation with § 2B1.1 effective November 1, 2001."  U.S. Sentencing Guidelines Manual § 2F1.1.  Movant's complaint was that § 2B1.1, Application Note 19(c), gives an example of when an offense level substantially overstates the seriousness of the offense.  However, although movant maintains that this guideline "is important to the case for many reasons," Mem. at IX, such a statement is merely a conclusion absent any facts or supporting evidence.  Such is insufficient to sustain a claim of ineffective assistance of counsel.  Holmes, 406 F.3d at 361.

D.  Ground Four

Movant failed to show how she was prejudiced by Dunnavant's alleged failure to offer certain items into evidence.  Attached as exhibits to the Memorandum are three affidavits: one each from Andre Lane ("Lane"), Charlotte Johnson ("Johnson"), and Taurence

14

Williams ("Williams"). Each of these affidavits states that the affiant temporarily resided with movant for a specified period of time, and that when he or she left movant's residence, he or she "may have inadvertently left behind some property, including checks for my personal checking account." Mem., Ex. 2. Dunnavant presented this evidence to the court in the form of her objections to the presentence report, where she included this same information on a chart. The court, in an order signed September 17, 2012, informed movant and Dunnavant that it had tentatively concluded the objections were without merit. Dunnavant was not ineffective for failing to make what would likely have been a meritless objection. Kimler, 167 F.3d at 893.

Additionally, the chart indicated that Lane may have left three checks, while Johnson and Williams each may have left one check in movant's residence. Movant has not explained how, even if Dunnavant had presented the affidavits, deducting four checks from the hundreds used in calculating the loss amount would have changed the outcome of the proceeding.

As to the inventory receipt movant contends would have shown the various locations where the checks were found, movant testified at length to those facts, so introducing the inventory sheet would have been cumulative. Movant also alleged that

15

Dunnavant tampered with the contents of the black photo album prior to introducing it into evidence.  However, movant testified that she personally removed and destroyed the counterfeit checks she had hidden in the book at the time authorities searched her home because she knew she "was in hot water."  Sentencing Tr. at 28.  Although Dunnavant removed "some pictures," id., from the book prior to introducing it into testimony, Dunnavant elicited testimony from movant about the purpose of the book.  Movant has failed to explain how the outcome would have been different had Dunnavant not removed the pictures from the book.

E.   Grounds Five and Nine

        Claims of ineffective assistance of counsel based on failure to call witnesses, including expert witnesses, are disfavored due to the speculative nature of such claims.  Day v. Quarterman, 566 F.3d 527, 538 (5th Cir. 2009).  "Thus, to prevail on an ineffective assistance claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense."  Id.  As none of the foregoing is alleged in the motion, movant cannot show she was prejudiced by any failure to

call mental health experts as witnesses.

Additionally, the record shows that the court was aware of movant's mental health issues. Movant at her rearraignment hearing informed the court that she was under the care of a physician for "mental issues for PTS and bipolar disorder," that she was also in a drug rehabilitation program, and she was taking Methadone and intermittently taking Prozac. Rearraignment Tr. at 22-24. However, she informed the court that none of these issues interfered with her ability to made good decisions, think, or reason. The presentence report also discussed movant's mental health issues in detail. Dunnavant's sentencing memorandum relied on movant's mental health issues as part of her argument for a below-guidelines sentence, and counsel elicited testimony at sentencing concerning all of movant's mental health issues and the effect of those issues on movant's conduct. In short, in contrast to movant's contentions, the record shows that Dunnavant at every opportunity argued that movant's mental health issues should be taken into account in imposing movant's sentence. Movant has failed to show anything further that Dunnavant could have done that would have changed the outcome of the proceeding.

17

F.   Grounds Six and Ten

These grounds lack merit.  The factual resume stated on its face that movant faced up to five years' imprisonment as to each count, for a maximum term of imprisonment of ten years.  The court at movant's rearraignment hearing confirmed that she understood the maximum penalty she faced by pleading guilty. The Supreme Court in United States v. Booker, 543 U.S. 220, 259 (2005), rendered the United States Sentencing Guidelines advisory, rather than mandatory.  Nothing in Booker, however, restricted the court's authority in 18 U.S.C. § 3584 to impose consecutive sentences after considering the factors set forth in 18 U.S.C. § 3553(a).  Here, the court expressly stated on the record that it considered all of the factors in § 3553 in determining the sentence to impose, which included ordering the terms of imprisonment as to each count to run consecutively. Accordingly, Dunnavant could have raised no objection to the consecutive terms of imprisonment.  Counsel is not ineffective for failing to make a meritless objection.  Kimler, 167 F.3d 889, 893 (5th Cir. 1999).

Nor does movant's reliance on United States v. Moore, 733 F.3d 161 (5th Cir. 2013), afford her any relief.  The Moore ruling was not handed down until more than a year after movant

was sentenced.   There is no reason to think that a rational attorney at the time of movant's sentencing would have anticipated that there would be such a ruling, one that was so unusual that the dissenting circuit judge commented that:

> The majority opinion's construction of the Guidelines leads to patently absurd results.

Id. at 168 (Owen, Cir. J., dissenting).[4]

Additionally, to the extent movant is attempting to challenge the court's application of the Sentencing Guidelines in her case, such a claim is not cognizable in a motion pursuant to § 2255.   United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999) ("Misapplications of the Sentencing Guidelines . . . are not cognizable in § 2255 motions.").

G.   Ground Seven

Congress intended that application of the Sentencing Guidelines would cause certain sentencing disparities, and "a sentencing disparity intended by Congress is not unwarranted." United States v. Candia, 454 F.3d 468, 476 (5th Cir. 2006) (citation omitted).   Hence, "[o]nly unwarranted disparities are

---

[4]Although the Fifth Circuit in United States v. Moore, 733 F.3d 161 (5th Cir. 2013), decided the same issue that movant appears to be attempting to raise regarding United States Sentencing Guideline 2B1.1(b)(2)(C) and cmt. n.4(C)(i) & (ii)(I), the court finds Moore to be inapplicable to the instant action. Moore was decided on direct appeal of the defendant's criminal case, whereas here, movant raised the issue in a collateral proceeding pursuant to 28 U.S.C. § 2255.

among the § 3553(a) sentencing factors." Id. Further, unwarranted disparities are to be avoided only as between defendants with "similar records who have been found guilty of similar conduct." United States v. Willingham, 497 F.3d 541, 545 (5th Cir. 2007). Concern about unwarranted sentencing disparities is minimal when the court imposes a sentence within the guidelines range. Id.

Here, movant's argument fails because the sentence imposed was within the guideline range, minimizing any concern regarding sentencing disparity. Additionally, movant has provided no authority to show that the court may consider a single case as a comparator to show that movant's sentence resulted in an unwarranted disparity. Nor is there anything in United States v. Brown, 388 F. App'x 455 (5th Cir. 2010) (per curiam), the case on which movant relies, to show that the defendants in that case had criminal histories similar to movant's. The court considered movant's "unbelievable criminal histor[y]" in imposing its sentence, and movant has failed to introduce anything to show how the defendants' histories in Brown compared with hers.

H.   Grounds One and Twelve

Both of these grounds allege that Dunnavant rendered ineffective assistance on appeal. Claims of ineffective

assistance of counsel on appeal are judged by the same standards as are applied to such claims in the trial court.  <u>Williamson</u>, 183 F.3d at 462.  Movant has failed to meet her burden as to either of the grounds raised.

First, movant's reliance on <u>Alleyne v. United States</u>, \_\_\_\_ U.S. \_\_\_\_, 133 S. Ct. 2151 (2013), is misplaced.  Presumably, movant is attempting to allege that Dunnavant failed to object that the court violated the requirement of <u>Alleyne</u> that any fact that increases the mandatory minimum punishment must be submitted to a jury or charged in the indictment.  Movant, however, was not subject to a mandatory minimum sentence, but rather to a guideline range of sixty months as to each count, up to a maximum of 120 months, and the court in its discretion imposed a sentence within, though at the top of, that range.  Movant has alleged nothing as would show <u>Alleyne</u> in any way applied to her case.

As to the second ground related to her appeal, counsel is not required to press every non-frivolous argument which a criminal defendant wants raised on appeal if the attorney, "as a matter of professional judgment, decides not to present those points."  <u>Jones v. Barnes</u>, 463 U.S. 745, 751 (1983).  Instead, counsel is required only to raise "[s]olid, meritorious arguments based on directly controlling precedent."  <u>United States v.</u>

21

<u>Phillips</u>, 210 F.3d 345, 348 (5th Cir. 2000) (citations omitted). Movant has failed to explain exactly what she contends Dunnavant should have argued on appeal or how it would have changed the outcome of the appeal, as required to show prejudice.

Additionally, Dunnavant filed a comprehensive brief on movant's behalf, and movant also filed her own <u>pro</u> <u>se</u> brief, which the Fifth Circuit also considered. <u>See</u> <u>Hayward</u>, 540 F. App'x at 379. Movant has failed to establish that but for any errors on Dunnavant's part the outcome of the appeal would have been different.

## V.

### Order

Therefore,

The court ORDERS that the motion of Wendi Shanta Howard to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby,

22

denied, as movant has not made a substantial showing of the denial of a constitutional right.

    SIGNED February 11, 2015.



_____
JOHN McBRYDE
United States District Judge

23